IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Onaje Kudura Seabrook, ) | C/A No.: 1:23-7-TLW-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Jane Doe #3, Health Care ) | ORDER |
| Authority; Jane Doe #1, Nurse; ) | |
| Jane Doe #2, Nurse; LT Carter, LT ) | |
| RHU; and Jane Doe #4, ) | |
| ) | |
| Defendants. ) | |

Antwan D. Grayson ("Plaintiff"), proceeding pro se, filed this case on January 3, 2023, arguing that in September 2021 he received inadequate medical care while incarcerated at Lee Correctional Institution, resulting in heart failure, kidney damage, starvation, dehydration, and loss of consciousness, among other concerns. This matter comes before the court on Plaintiff's motion for temporary restraining order that the court construes as a motion to compel. [ECF No. 18]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), this matter has been referred to the undersigned for all pretrial proceedings.

Plaintiff argues he has made numerous requests to view his medical records to obtain the names of the Jane Doe defendants but has not been provided their names. [ECF No. 18 at 1]. Plaintiff also notes that he filed his

discovery requests, presumably seeking this information, and Defendants have until March 11, 2023, to respond, after the deadline to amend his complaint. *Id.* at 2. Plaintiff seeks access to his medical records and to amend the scheduling order to allow him to amend his complaint after Defendants answer his discovery requests. *Id.* at 3. Plaintiff reiterates in an additional filing with the court that he seeks to amend the scheduling order to provide him with 10 days after Defendants serve their discovery responses to amend his complaint. [ECF No. 19].

In response, Defendants represent that the information sought by Plaintiff does not exist:

> Defendants' understanding is that the specific request referred to in Plaintiff's motion is a request that he be provided with a copy of a "medical concerns file" with regards to the incidents alleged in his Complaint to have occurred on or about September 9, 2021. A "medical concerns file" is a discretionary internal file that SCDC medical personnel may generate when giving care to an inmate in circumstances where the staff has particular concerns about risks to the inmate's health or welfare. Defendants are informed that no such file was generated with response to Plaintiff and the events and/or immediate aftermath of September 9, 2021. In other words, Plaintiff is asking for the production of a document that does not exist.

[ECF No. 20 at 2; *see also* ECF No. 19 at 1 (Plaintiff representing that "[i]t seems that nothing was documented in the computer pertaining to the hunger strike . . . .")]. Defendants further inform the court that they do not oppose Plaintiff's request to amend the scheduling order. [ECF No. 20 at 3].

2

Based on the parties' representations, Plaintiff's motion for temporary restraining order, construed as a motion to compel, is denied as moot. [ECF No. 18]. However, Plaintiff's unopposed request to amend the scheduling order is granted. Plaintiff is provided to until May 1, 2023, to amend his complaint. An amended scheduling order will issue separately.

IT IS SO ORDERED.

March 29, 2023                                   Shiva V. Hodges
Columbia, South Carolina                United States Magistrate Judge