IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Onaje Kudura Seabrook, # 236422, | ) | C/A No.: 1:23-cv-7-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Jane Doe #3, Health Care | ) | |
| Authority; Jane Doe #1, Nurse; | ) | ORDER |
| Jane Doe #2, Nurse; LT Carter, LT | ) | |
| RHU; Jane Doe #4, and Sgt. Miles | ) | |
| Perkins, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Onaje Kudura Seabrook ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983. This matter comes before the court on Plaintiff's motions to dismiss Jane Doe #1, Jane Doe #2, Jane Doe #3, and Jane Doe #4 (collectively "Jane Doe Nurses") as defendants [ECF No. 25], for appointment of counsel and other miscellaneous relief [ECF No. 26], to file an amended complaint [ECF No. 27], to issue a subpoena for the deposition of a potential witness and for Defendants to pay the costs associated with the deposition [ECF No. 31], and for appointment of counsel or relief in the alternative [ECF No. 33]. Defendants oppose Plaintiff's request for appointment of counsel, do not oppose Plaintiff's request for "a moderate extension of time," and have declined to respond to Plaintiff's other motions.

*See* ECF No. 29. Pursuant to 28 U.S.C. § 636(b) and Local Civ. R. 73.02(B)(2)(d) (D.S.C.), this case has been referred to the undersigned for all pretrial proceedings. For the reasons that follow, the court grants Plaintiff's motions to dismiss the Jane Doe Nurses [ECF No. 25] and to amend the complaint [ECF No. 27], grants in part and denies in part Plaintiff's motion to subpoena a witness for deposition [ECF No. 31], and denies Plaintiff's motions for appointment of counsel and for other miscellaneous relief [ECF Nos. 26 and 33].

I.     Relevant Factual and Procedural Background

Plaintiff filed a complaint on January 3, 2023, alleging Lieutenant Carter ("Lt. Carter") and the Jane Doe Nurses (collectively "Defendants") violated his constitutional rights while he was incarcerated at Lee Correctional Institution. [ECF No. 1]. Plaintiff claimed Defendants failed to provide him appropriate medical attention during the period from September 9 through September 20, 2021, leading to his heart failure, kidney damage, starvation, dehydration, loss of consciousness, emotional distress, and psychological trauma. *Id.*

The Clerk issued a summons as to Lt. Carter on January 6, 2023. [ECF No. 8]. The summons and complaint were served on Lt. Carter on January 12, 2023. [ECF No. 11]. Defendants filed an answer on January 31, 2023. [ECF No. 12]. The undersigned issued a scheduling order the same day, indicating

motions to amend pleadings should be filed no later than March 2, 2023, and discovery should be completed no later than April 3, 2023. [ECF No. 14].

On March 1, 2023, Plaintiff filed a motion for a temporary restraining order ("TRO") [ECF No. 18] that the court construed as a motion to compel and denied as moot [ECF No. 21]. The court granted Plaintiff's unopposed request to amend the scheduling order, providing the parties until May 1, 2023, to amend their pleadings. *Id.*

On March 24, 2023, Plaintiff filed a motion to dismiss the Jane Doe Nurses, indicating "[a]fter reading the contents of the material the defendants submitted," he had "decided to dismiss the Jane Doe Nurses" because "Lt. Carter never notified Medical on 9-9-21." [ECF No. 25 at 1]. He stated he intended to amend his complaint to add "SGT Perkins." *Id.*

On May 10, 2023, Plaintiff filed a motion requesting the court appoint counsel, instruct him on how to obtain statements from potential witnesses, ask the South Carolina Department of Corrections ("SCDC") to either allow his family to purchase a typewriter from an outside vendor or allow him access to a computer, and permit him additional time to meet deadlines. [ECF No. 26]. Plaintiff filed a proposed amended complaint the same day, although he indicated in an attached certificate of service that he placed the amended complaint in the prison's mailroom on May 1, 2023. [ECF No. 27]. In his proposed amended complaint, Plaintiff alleges that between September 9 and

3

20, 2021, Lt. Carter and Sergeant Miles Perkins ("Sgt. Perkins") subjected him to cruel and unusual punishment in violation of the Eighth Amendment through their deliberate indifference to his serious medical needs. *Id.*

On May 16, 2023, Defendants filed a response opposing Plaintiff's request for the court to appoint counsel to represent him and declining to oppose Plaintiff's request for "a moderate extension of time." [ECF No. 29].

Plaintiff filed a motion on May 25, 2023, requesting the court issue a subpoena for his deposition of Gerald Fripp ("Mr. Fripp"), a former SCDC inmate who he maintains was a material witness to the events giving rise to his cause of action. [ECF No. 31]. On May 30, 2023, he filed a second motion requesting the court appoint counsel pursuant to 28 U.S.C. § 1915, or, alternatively, grant other miscellaneous relief. [ECF No. 33].

II.    Discussion

A.    Motions to Dismiss Jane Doe Defendants and Amend Complaint

Fed. R. Civ. P. 15(a)(2) allows a party to amend a pleading with leave of court and further states "[t]he court should freely give leave when justice so requires." "A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen,* 238 F.3d 273, 276 (4th Cir. 2001) (citations and emphasis omitted).

The court grants Plaintiff's motions to dismiss the Jane Doe Nurses [ECF No. 25] and to amend the complaint [ECF No. 27]. Although Plaintiff's motion to amend the complaint was docketed after the May 1 deadline to amend the pleadings, Plaintiff claims he placed the motion in the prison's outgoing mail on May 1, 2023. [ECF No. 27 at 1]. Plaintiff shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). Accordingly, the undersigned finds Plaintiff timely filed the motion to amend the complaint.

Plaintiff's proposed amended complaint concerns the same time period and actions in the original complaint. There is no evidence of bad faith on Plaintiff's part for not moving to amend the complaint sooner, as he claims he filed the motions based on "the material the defendants submitted," presumably in their answer and response to his motion for a TRO. [ECF No. 25 at 1]. Defendants do not argue granting of Plaintiff's motions to dismiss the Jane Doe Nurses and to amend his complaint would be prejudicial to them. Further, it does not appear the amendment would be futile.

The proposed amended complaint adds Sgt. Perkins as an additional defendant, but does not add any new claims. Sgt. Perkins's alleged actions relate to Plaintiff's medical claim set forth in the original complaint. Thus, Sgt. Perkins may be properly added as a defendant in this action. It does not appear

5

at this time that addition of Sgt. Perkins as a defendant would be futile, and there is no evidence Plaintiff acted in bad faith in not moving sooner to amend the complaint to add Sgt. Perkins as a defendant. Although the amendment will likely delay the proceedings, justice requires the court address Plaintiff's claims against Sgt. Perkins in this action. *See* Fed. R. Civ. P. 15(a).

B.    Motions for Appointment of Counsel

Plaintiff filed motions requesting the court appoint counsel on May 10 [ECF No. 26] and May 30, 2023 [ECF No. 33]. He maintains he is unable to afford counsel; his imprisonment limits his ability to question witnesses; the issues in the case are complex and require specialized medical knowledge; he does not understand the terms in his medical records; an attorney would be in a better position to obtain policy information Defendants will not release to a prisoner; an attorney would be in a better position to ferret out collusion between Defendants and challenge the authenticity of documents; he sustained remote injuries to his fingers and hand that limit his ability to write for prolonged periods; he is unable to obtain statements from other inmates because SCDC has refused to address his request for inmate-to-inmate correspondence; and he does not have access to legal advice. *Id.* Defendant opposes Plaintiff's motion for appointment of counsel. [ECF No. 29].

There is no constitutional right to appointment of counsel in civil cases. Although the court is granted the power to exercise its discretion to appoint

6

counsel for an indigent party in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975).

The undersigned has considered Plaintiff's reasons for requesting the court appoint counsel and concludes there are no exceptional or unusual circumstances presented that would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984). The majority of Plaintiff's reasons for requesting appointment of counsel apply to prisoners in general, and the court lacks the resources to appoint counsel in all cases. The undersigned specifically notes Plaintiff's history of injuries to his fingers and hands have not prevented him from drafting a complaint, an amended complaint, and multiple motions. In most civil rights cases, the issues are not complex, and whenever such a case brought by an uncounseled litigant goes to trial, the court outlines proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present his case.

The undersigned acknowledges nonbinding precedent from the United States Courts of Appeals for the Third and Seventh Circuits requiring courts considering motions pursuant to § 1915(e)(1) to evaluate a pro se plaintiff's competence to litigate the case. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir.

2007); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002). Although the Fourth Circuit has articulated no similar requirement, the undersigned finds Plaintiff's pleadings demonstrate he is sufficiently competent to pursue his own claim. Accordingly, Plaintiff's motions for discretionary appointment of counsel under 28 U.S.C. § 1915 are denied.

    C.    Motion to Subpoena Witness for Deposition

Plaintiff requests the court issue a subpoena for Mr. Fripp's deposition, as he lacks the knowledge or means to obtain Mr. Fripp's contact information on his own. [ECF No. 31]. He further requests the costs of the deposition be paid by Defendants. *Id.*

The court grants Plaintiff's motion to issue a subpoena in accordance with Fed. R. Civ. P. 45. A "deponent's attendance may be compelled by subpoena under Rule 45." Fed. R. Civ. P. 30(a)(1). "The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it." Fed. R. Civ. P. 45(a)(3). However, the court notes that the party requesting the subpoena "must complete it before service," *id.*, and that "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). Thus, Plaintiff remains responsible for completing the summons, serving it on Mr. Fripp, and compensating Mr. Fripp for his attendance.

The court denies Plaintiff's request that Defendants bear the costs of the deposition. Fed. R. Civ. P. 30(b)(3)(A) specifies: "The noticing party bears the recording costs." Therefore, because Plaintiff desires to notice Mr. Fripp's deposition, the Federal Rules of Civil Procedure mandate that he bear the associated costs.

D.     Motions for Additional Relief

On May 10, 2023, Plaintiff requested the court instruct him on how to obtain statements from potential witnesses, ask SCDC to either allow his family to purchase a typewriter from an outside vendor or allow him access to a computer, and permit him additional time to meet deadlines. [ECF No. 26]. On May 30, 2023, Plaintiff requested that if the court denied his request for appointed counsel, he be provided access to "legal advice" and his family be permitted to purchase a typewriter for him from an outside vendor, as they cannot afford to purchase a typewriter from SCDC's approved vendor. [ECF No. 33].

To the extent Plaintiff requests the court provide him general legal advice or specific instructions on how to conduct discovery or otherwise support his claim, the undersigned denies his request. The court cannot provide legal advice or act as Plaintiff's legal advisor. *See McKaskle v. Wiggins*, 465 U.S. 168, 183–84) (1984) ("[T]here is no case law requiring courts to provide general

legal advice to pro se parties. In a long line of cases, the Supreme Court has repeatedly concluded that courts are under no such obligation.").

The court also denies Plaintiff's request to direct SCDC to allow his family members to provide him a typewriter from a non-approved vendor or to permit him access to a computer. SCDC is not a party to this action, and the claims in this action are unrelated to Plaintiff's requests for a typewriter or computer access. "[A] federal court generally does not insert itself in the day-to-day administrative workings of a prison." *Marcum v. Penick*, 2022 WL 288186, at *2 (denying the plaintiff's motion for a preliminary injunction compelling non-parties to allow him additional access to the law library) (citing *Meachum v. Fano*, 427 U.S. 215, 228–29 (1976) (explaining that "the day-to-day functioning of state prisons . . . is not the business of federal judges" and "federal courts do not sit to supervise state prisons")). Accordingly, the undersigned declines to order SCDC to allow Plaintiff access to a typewriter from a non-approved vendor or to permit him computer access.

The court further declines to grant Plaintiff's general request for additional time to meet deadlines. This does not prohibit Plaintiff from requesting that specific deadlines be extended for meritorious reasons.

## III. Conclusion

For the foregoing reasons, the undersigned grants Plaintiff's motions to dismiss the Jane Doe Nurses [ECF No. 25] and to amend the complaint [ECF

No. 27], grants in part and denies in part Plaintiff's motion for a subpoena to depose Mr. Fripp [ECF No. 31], and denies Plaintiff's motions for appointment of counsel and for other miscellaneous relief [ECF Nos. 26 and 33].

The Clerk of Court is directed to issue a subpoena to Plaintiff, to re-docket ECF No. 27 as an amended complaint, to dismiss the Jane Doe Nurses as parties to the action, to add Sgt. Perkins as a defendant, to issue a summons to Sgt. Perkins at the address indicated on the Form USM-285 completed by Plaintiff [ECF No. 28], and to forward the summons, amended complaint, Form USM-285 [ECF No. 28], and a copy of this order to the United States Marshal for service of process on Sgt. Perkins.

The United States Marshal is ordered to serve the summons and amended complaint on Sgt. Perkins.[1] The United States Marshals Service is advised that it must expend a reasonable investigative effort to locate a defendant once a defendant is properly identified. *See Greene v. Halloway*, No. 99-738, 2000 WL 296314, at *1 (4th Cir. 2000) (citing with approval *Graham v. Satkoski*, 51 F.3d 710 (7th 1995)). If the information provided by Plaintiff on the Form USM-285 is not sufficient for the Marshal to effect service of process,

---

[1] Counsel is instructed to advise the court if they inform Sgt. Perkins of this case and receive his permission to accept service on his behalf. Should the court receive notice that counsel has accepted service on Sgt. Perkins's behalf, the Clerk of Court shall notify the United States Marshals Service to disregard the instructions regarding service of process.

after reasonable investigative efforts have been made to locate Sgt. Perkins, the Marshal should so note in the "Remarks" section at the bottom of the Form USM-285.

Lt. Carter is directed to answer the amended complaint by June 19, 2023.

Sgt. Perkins is directed to answer the amended complaint or otherwise plead in compliance with Rule 12 of the Federal Rules of Civil Procedure.

If the parties believe additional time is needed for discovery related to the allegations in the amended complaint, they are directed to file a motion indicating their reasons for seeking additional discovery no later than July 3, 2023.

IT IS SO ORDERED.

June 5, 2023
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge