IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Onaje Kudura Seabrook, | Case No. 1:23-cv-00007-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| LT Carter and SGT. Miles Perkins, | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 68) recommending that the Court grant Defendants' motion for summary judgment (Dkt. No. 55). For the reasons set forth below, the Court adopts the R&R as the order of the Court and grants Defendants' motion for summary judgment.

## I. Background and Relevant Facts

Plaintiff, proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights under the Eighth and Fourteenth Amendments against Lieutenant Tai Carter and Sergeant Miles Perkins.

> Plaintiff alleges Lt. Carter's failure to contact the medical department on September 9, 2021, despite her knowledge of his loss of consciousness and history of hypertension and her allegedly-false statements that interfered with his medical treatment on September 9 and 16, 2021, demonstrated her deliberate indifference to his medical need and resulted in his cruel and unusual punishment. [ECF No. 39 at 7–8]. He claims Lt. Carter's actions were wanton and reckless, placed his life in danger, and caused him to experience pain and suffering in violation of the Eighth Amendment. *Id.* at 8. He maintains Sgt Perkins interfered with his access to medical attention by falsely stating that he observed Plaintiff eating during the period he was on a hunger strike. *Id.* He alleges Lt. Carter and Sgt. Perkins conspired to deprive him of his civil rights and to cause him harm by writing false reports, lying to their superiors, and interfering with his access to medical treatment. *Id.*

(Dkt. No. 68 at 18).

On September 28, 2023, Defendants moved for summary judgment. (Dkt. No. 55); (Dkt. No. 56) (copy of Roseboro order sent to Plaintiff). On October 24, 2023, Plaintiff filed a response in opposition, (Dkt. No. 60), to which Defendants filed a reply on November 8, 2023 (Dkt. No. 64).

On December 6, 2023, the Magistrate Judge issued an R&R recommending that Defendants' motion be granted. (Dkt. No. 68). The Court extended the deadline for filing objections to the R&R numerous times. Plaintiff's objections were due by April 3, 2024. (Dkt. Nos. 71, 79, 86, 90).

On April 8, 2024, Plaintiff filed objections to the R&R. (Dkt. No. 92).

Defendants' motion for summary judgment is fully briefed and ripe for disposition.

## II. Legal Standards

### a. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b. Fed. R. Civ. P. 56

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, [which] show that there is no genuine issue as to any material fact and that the moving part is entitled to a judgement as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 & n.4 (1986) (citing Rule 56(c)). The Court will interpret all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Where the moving party has met its burden to put forth sufficient evidence to demonstrate there is no genuine dispute of material fact, the non-moving party must come forth with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)). An issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

### c. Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff filed objections to the R&R, the R&R is reviewed de novo.

### III.  Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Defendants are entitled to summary judgment on Plaintiff's claims for deliberate indifference to a serious medical need under the Eighth Amendment and violation of procedural due process under the Fourteenth Amendment.

First, the Magistrate Judge correctly explained why Plaintiff had not established he had exhausted administrative remedies as required by 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). *See* (Dkt. No. 68 at 9-17).

Second and last, as to Plaintiff's deliberate indifference claim, the Magistrate Judge correctly determined that Defendants were entitled to summary judgment. Crucially, as it concerns Defendants' alleged delay of several hours in conveying Plaintiff's request to the medical department following his alleged passing out in his cell, the Magistrate Judge correctly stated "[t]o the extent Defendants failed to appreciate a need for Plaintiff to be evaluated quickly, their failure may amount to negligence, but not deliberate indifference." *See* (Dkt. No. 68 at 23-25) ("Plaintiff fails to show [how] a delay of several hours in Lt. Carter's and Sgt. Perkins's conveying a request to the medical department created a substantial risk of serious harm to which Defendants were aware. It was not unreasonable for Defendants to have concluded that Plaintiff did not require immediate medical attention in light of his ability to effectively report the incident and the fact that no one had observed him in an unconscious state. Because Defendants are non-medical officials, it would not have been unreasonable for them to fail to appreciate a possible connection between Plaintiff's having passed out and his need for blood pressure monitoring."); *see Freeman v. Warden*, C/A No. 8:21-cv-JMC-JDA, 2022 WL 17418249, at *8 (D.S.C. May 31, 2022) (noting

that while the plaintiff alleged defendants did "not seek to get appropriate medical treatment for her in the days following the altercation despite the fact that she had lost consciousness" and argued that "any reasonable person who witnesses someone being hit and kicked about the face would know that the victim ... needs immediate medical care from qualified medical officials," "the non-medical official [defendants]'s failure to appreciate that fact at most amounts to mere negligence, which is not sufficient to show deliberate indifference.") (citing *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it.")); *Foxworthy v. Sluss*, No. 2:18-cv-00040, 2019 WL 2996924, at *3 (W.D. Va. July 9, 2019) (dismissing cause of action for failure to state a claim for deliberate indifference to medical needs when the plaintiff alleged that prison guards found a prisoner unconscious and injured yet allowed approximately 30 minutes to pass before they called an ambulance; reasoning that "the sole fact of the 30-minute delay is insufficient to show that the conditions posed a substantial risk of serious harm to [the injured prisoner], that the defendants recognized any risk, or that the defendants subjectively recognized that their acts or failures to act were inappropriate"); *Small v. Eagleton*, No. 2:16-cv-2553-HMH-MGB, 2017 WL 2373206, at *1, 5 (D.S.C. May 12, 2017) (granting summary judgment against a prisoner in his claim for deliberate indifference to medical needs when the prisoner alleged that he was being transported in a van without a seatbelt when the van struck a deer; the prisoner told the defendant-guards he had hurt his head, back, and neck, and needed to go to the hospital; but no ambulance was called to the scene and instead the prisoner was transported back to the prison where he was seen by medical personnel the following morning), *Report and Recommendation adopted by* 2017 WL 2362385 (D.S.C. May 31, 2017), *aff'd*, 699 F. App'x 206 (4th Cir. 2017); *see also* (Dkt. No. 68 at 27-28) ("Defendants have provided a hard copy of SCDC's hunger strike policy for in-camera

review, but validly cite concerns that producing this confidential policy to Plaintiff and filing it on the public docket would compromise security. The undersigned has reviewed the policy. Assuming arguendo that Plaintiff notified Lt. Carter on September 13 of his plan to initiate a hunger strike the following day, the policy imposed a reporting requirement on Lt. Carter. However, because Plaintiff directly notified several additional parties of his plan, including those to whom Lt. Carter was required to report, her presumed failure to report Plaintiff's statement was harmless."); *see also* (*id.* at 31-35) (stating Plaintiff's procedural due process claim fails because he had not established a protected liberty interest in Defendants' violation of SCDC Policy OP-22.33 as "section 1983 provides relief from a violation of federal constitutional rights, not from a violation of prison-created policies or procedures").

Plaintiff filed objections to the R&R. (Dkt. No. 92). In his objections, without any proof, Plaintiff accuses the Court of removing pages from his opposition to Defendants' motion for summary judgment and asks that he be able to resubmit his opposition to Defendants' motion. (Dkt. No. 92 at 2, 4). A review of the opposition filing as docketed, however, reveals it is 23 pages long and reads as complete, directly contradicting Plaintiff's contention. More importantly, however, as it concerns objections to the R&R, Plaintiff does not substantively contest the Magistrate Judge's findings that Plaintiff failed to exhaust his administrative remedies. Nor does Plaintiff forecast evidence creating a dispute of material fact as to Defendants' lack of deliberate indifference to a serious medical need. Accordingly, Plaintiff's objections are overruled.

## IV.    Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 68) as the order of Court and **GRANTS** Defendants' motion for summary judgment (Dkt. No. 55). All other pending motions are denied as moot.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>United States District Judge

April 9, 2024
Charleston, South Carolina