**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Onaje Kudura Seabrook,<br><br>    Plaintiff,<br> v.<br><br>Lieutenant Carter and Sergeant Miles Perkins,<br><br>    Defendants. | Case No. 1:23-00007-RMG<br><br>**ORDER AND OPINION** |

## I. Background

The Court reconsiders Plaintiff's objections to the Report and Recommendation ("R&R") of the Magistrate Judge in light of the Fourth Circuit Order vacating this Court's prior Order adopting the R&R as the Order of the Court. (*See* Dkt. Nos. 97, 118). The Fourth Circuit found that this court erred by failing to review Plaintiff's objections dated March 13, 2024 (which, due to delays in the prison mailing system, were not docketed until after the Court's original dismissal order dated April 9, 2024 (Dkt. No. 93)) under a *de novo* standard of review. (Dkt. No. 117 at 3-4). While this Court acknowledged receipt of the objections in a second dismissal order dated May 3, 2024 (Dkt. No. 97), the Fourth Circuit held that this Court failed to review the original yet belatedly docketed objections (which Plaintiff had subsequently amended—*see* Dkt. No. 92) under a *de novo* standard of review by overruling them on the basis that they were substantially similar to Plaintiff's overruled objections. (Dkt. No. 117 at 4).

## II. Legal Standard

### A. Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with

1

this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

### B.  Fed. R. Civ. P. 56

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [which] show that there is no genuine issue as to any material fact and that the moving part is entitled to a judgement as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 & n.4 (1986) (citing Rule 56(c)). The Court will interpret all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Where the moving party has met its burden to put forth sufficient evidence to demonstrate there is no genuine dispute of material fact, the non-moving party must come forth with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)). An issue of material fact is genuine if the evidence is such that a reasonable jury could

return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

**III.   Discussion**

The Court reviews Plaintiff's objections to the R&R *de novo*. (*See* Dkt. No. 96). Plaintiff's May 2, 2024 filing lists 24 itemized objections to the R&R recommending that summary judgment be granted in favor of Defendants. (Dkt. No. 96 at 5-13). Among Plaintiff's objections include his repeated contention that certain pages are missing from his opposition to Defendants' summary judgment motion, varying explanations for why he could not exhaust administrative remedies and his claim that Defendants are "perjuring themselves and falsifying documents." (*See generally* Dkt. No. 96). Plaintiff voices various disagreements with the Magistrate Judge's recitation of the factual record, ignoring that such disputes do not represent genuine issues of material fact precluding the entry of summary judgment in favor of Defendants. Plaintiff fails to raise specific objections to the Magistrate Judge's recommendation to this Court, which focused on the fact that Plaintiff failed to exhaust his administrative remedies (which Plaintiff concedes, arguing that "no ordinary person can navigate" the grievance appeals system) (Dkt. No. 96 at 5) and that Plaintiff failed to plead facts which could support a finding that Defendants had acted with deliberate indifference towards Plaintiff's medical needs. (Dkt. No. 68 at 17, 30). Plaintiff's objections—for example, his claim that his visit by a nurse on September 18 did not constitute a medical visit because his blood pressure was not taken (*see* Dkt. No. 69 at 10)— do not focus on the Magistrate Judge's reasoning and ultimate conclusion that Plaintiff fails to set forth any viable claims even construing the facts in the light most favorable to Plaintiff. Rather, Plaintiff seeks to attack the R&R's recitation of the record, notwithstanding that his objections have no bearing on the

Magistrate Judge's legal conclusions.  On *de novo* review of the record and the R&R, the Court **OVERRULES** Plaintiff's objections.

### IV.     Conclusion

In light of the foregoing, the Court **ADOPTS** the R&R as the Order of the Court. (Dkt. No. 68).  Defendants' motion for summary judgment is **GRANTED**. (Dkt. No. 55).  Plaintiff's case is **DISMISSED WITH PREJUDICE**.

**AND IT IS SO ORDERED**.

 s/ Richard M. Gergel
Richard Mark Gergel
United States District Judge

July 7, 2025
Charleston, South Carolina

4